# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

September 4, 2020

Kevin M. Gallagher
John M. O'Toole
Christian C.F. Roberts
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Richard A. Barkasy
SCHNADER HARRISON SEGAL &
LEWIS LLP
824 North Market Street, Suite 800
Wilmington, DE 19801

Richard A. Rowzie
#1080129
Deerfield Correctional Center
21360 Deerfield Drive
Capron, VA 23829

Isaac Bensimon
520 SW 1st Ave
Hallandale Beach, FL 33009

John Mattera, obo Ann Mattera
Reg # 97650-004
FPC Atlanta
PO Box 150160
Atlanta, GA 30315

Carlyle Johnson
AU-4855
P.O. Box 5248 / B1-1-4-Low
Corcoran, CA 93212

Charles Jeffery Rhodes
Sean Herrmann, Esquire
HERRMANN & MURPHY, PLLC

RE: *In re Swisher Hygiene, Inc.; 2018-0080-SG; Motion to Reconsider*

Dear Litigants:

Swisher Hygiene, Inc. ("Swisher") is a Delaware corporation in the process of dissolution. It moved this Court for an Order permitting an interim distribution, which caused me to consider remaining creditor claims against Swisher under Section 280 of the DGCL.[1] That review was to determine an appropriate reserve of funds to address liabilities, and to determine whether an interim distribution was appropriate. In my resulting Letter Opinion of June 12, 2020 (the "June Opinion"), among the creditor claims addressed, I declined to order a reserve in way of a creditor claim filed by Isaac Bensimon.[2] Briefly, Bensimon alleged that, 35 years ago, and unbeknownst to him, Yogen Fruz Worldwide, Inc. ("Fruz") mysteriously issued stock in his name; just as mysteriously, six days later, the shares were canceled, utilizing a forged signature purporting to be Bensimon's. Sometime thereafter, Swisher acquired Fruz, presumably in a manner that provided Fruz stockholders with Swisher stock.[3] Bensimon's claim is that the 1985 issuance of

---

[1] 8 Del. C. § 280.

[2] June Opinion 5–6.

[3] I make this assumption because it is necessary to support the relief Bensimon seeks, not because I am aware of anything in the record regarding the terms of the acquisition.

2

Fruz stock to him was valid, the cancellation was void, and that he should be considered an equity holder in Swisher—he described this as a "fraud" claim against Swisher. I found that his allegations did not state a creditor claim against Swisher, and declined to order a reserve in relation to Bensimon's allegations, "without prejudice to the legal issues therein or his ability to pursue his fraud claim against any fraudster."[4]

More than five days thereafter, Bensimon, who appears here *pro se*, filed a pleading styled "Motion to Reconsider" the June Opinion (the "Motion"). In fact the Motion is a motion for reargument, and I treat it as such. The Motion has been briefed and submitted for decision.

Under Court of Chancery Rule 59(f), a party may move for reargument within five days after the Court issues an opinion.[5] Reargument is warranted only where "the Court has overlooked a decision or principle of law that would have controlling effect or . . . [has] misapprehended the facts or the law so the outcome of the decision would be different."[6] "A motion for reargument is not a mechanism to present new arguments or to relitigate claims already considered by the Court."[7]

---

[4] June Opinion 5–6.

[5] Ch. Ct. R. 59(f) ("A motion for reargument setting forth briefly and distinctly the grounds therefor may be served and filed within 5 days after the filing of the Court's opinion or the receipt of the Court's decision.").

[6] *Pontone v Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014).

[7] *Cabela's LLC v. Wellman*, 2018 WL 6680972, at *1 (Del. Ch. Dec. 19, 2018).

Bensimon's Motion is untimely under Court of Chancery Rule 59(f).[8] To the extent that fact is not fatal to its consideration, the Motion does not satisfy Rule 59(f). The Motion does not cite any law. It does not point to any fact I overlooked or misapprehended.[9] The Motion simply restates Bensimon's claim, notes the Court's holding, and requests a different outcome. A motion for reargument is not the proper mechanism for such a request. I note here, as I did in the June Opinion, that nothing here is in prejudice of Bensimon's rights, if any, to bring litigation to determine ownership of stock, or for fraud against any fraudster. Bensimon's motion for reargument is DENIED.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[8] The June Opinion was docketed on June 12, 2020; Bensimon's motion was mailed on June 26, 2020 and filed on June 29. Rule 59(f) provides that motions for reargument "may be" filed within five days of the filing or receipt of a judicial decision.

[9] In his single-page Reply to Pet'r's Opp'n to Isaac Bensimon's Mot. for Recons., Bensimon states that I overlooked the facts set out above, and in the June Opinion. *See* June Opinion 5.